## TINKEY LUMBER CO v LAY et

Ohio Appeals, 5th Dist, Richland Co
Decided January 27, 1930

George W. Gifford for Lumber Co.
William McE Weldon, Mansfield, J. W. Jacoby, Marion, and George W. Biddle, Mansfield, for Lay et.
MIDDLETON. J. (4th Dist) sitting in place of HOUCK, J. (5th Dist)

MIDDLETON, J.

It is contended here that the affidavit filed by the plaintiff was insufficient to establish a lien for the reason that it did not include an itemized statement of the claim for the lumber sold or have such statement attached thereto. It seems to have been the contention of the defendants in the Court of Common Pleas that such itemized statement was a necessary requirement to the validity of the affidavit as required by **8314 GC.** The answer to this contention is that the section in question does not expressly provide that an itemized statement shall be attached to the affidavit and that the statutory law under which it formerly was necessary to attach such statement is no longer in effect. This condition in the law is fully explained by **Beemann on Mechanics Liens, Section 84,** where it is said:

> "A former section of the act required that the affidavit contain an itemized statement of the value and amount of the lumber, material, machinery or fuel, and show an indebtedness on the part of the owner of such interest in the land. While the present section of the act does not set forth such requirement it may be said to be a good practice to attach an itemized account to the affidavit for the lien."

It appears from the evidence that the material sold by the plaintiff to the defendants was purchased at various times and that the account for the same was what is generally known as a running account. The only difficulty in the matter is that the defendant Lay was making other purchases at the same time as those involved in the case before us and all these various items were charged against him in the general account. However, there seems to have been no difficulty in separating the charges for the material furnished in the construction of the building on the property described in the petition from other items arising from different transactions.

The affidavit in support of the lien followed strictly the form prescribed by **Section 8314 supra** and we are constrained to conclude that having followed the express provisions of the statute the failure to attach an itemized statement of the account does not impair its validity.

It is further contended that the defendant Lay made a payment to the plaintiff at one time of $700 which should have been

credited to the account against Lay for the material involved in this case. On this question we have only the evidence of the plaintiff's agent and Lay to the effect that when this payment of $700 was made to the plaintiff such payment was expressly directed by Lay to be applied in a different way; that it was to be held as a credit on an account that was to begin and which was connected with the construction of another building, and that while such construction was delayed the money so at that time paid was subsequently applied in the manner and for the purpose directed by Lay. We know of no controlling rule of law which prohibits a debtor from directing how and in what manner money paid to a creditor shall be applied on the former's indebtedness. This is not a case where without any direction or instruction money is paid by a debtor to a creditor who holds several claims against the debtor. It is not a case in which a separate account was kept as to each building or other activity of the debtor. But, as before observed, all his purchases were charged in one general account. Under these conditions oral evidence certainly was competent to point out and separate each of the items of any one particular building activity. While it is possible that the arrangement made as to the payment in question may be an after-thought we must hold otherwise for the reason, if no other, that the explanation of the witnesses can be reconciled with the account as it appears on the ledger.

A finding for the plaintiff may be entered for the amount claimed in the amended petition, which is found and decreed to be the first and best lien on the premises described therein, and this cause is remanded to the Court of Common Pleas for further proceedings according to law.

Lemert, PJ., and Sherick, J., concur.